UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                               Case No. 04-12862-DHW
                                                    Chapter 7
RAYMOND G. SHORTSLEEVE and
CYNTHIA D. SHORTSLEEVE,

        Debtors.

_____

CYNTHIA D. SHORTSLEEVE,

        Plaintiff,

v.                                                  Adv. Proc. No. 06-01080-DHW

CENTURYTEL OF ALABAMA, LLC, and
ROBINSON, REAGAN & YOUNG, PLLC,

        Defendants.

## MEMORANDUM OPINION

Before the court is the defendants' motion to dismiss the complaint pursuant to Fed. R. Civ. Proc. 12(b)(1) and (6).[1] For the reasons that follow, the motion will be granted as to the Fair Debt Collection Practices Act counts but denied as to the 11 U.S.C. § 524 counts.

### Procedural Background

---

[1] Fed. R. Civ. Proc. 12(b) is made applicable to adversary proceedings in bankruptcy cases by Fed. R. Bankr. Proc. 7012.

The plaintiff, Cynthia D. Shortsleeve ("Shortsleeve") originally filed this complaint on May 8, 2006 against Centurytel of Alabama, LLC ("Centurytel") and Robinson, Reagan & Young ("RR&Y").[2] Later, on July 27, 2006, Shortsleeve filed an amended complaint against the same defendants comprising six counts.

The first two counts are asserted against both defendants under 11 U.S.C. § 524. These counts allege that the defendants willfully violated the discharge injunction by falsely reporting to credit reporting agencies that Shortsleeve's debt was "unpaid" or was in "collection account" status instead of accurately reporting that the debt was discharged in bankruptcy. Such reporting, Shortsleeve contends, was done in order to coerce payment of the debt.

The balance of the counts are asserted solely against RR&Y for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Count III is brought under §1692e(2) (a false representation of the character, amount, or legal status of a debt); Count IV is brought under § 1692e(8) (communication of credit information which is known or which should have been known to be false); Count V is brought under § 1692e(10) (the use of false representations or deceptive means to collect or attempt to collect a debt); and Count VI is brought under § 1692f (the use of unfair or unconscionable practices to collect a debt).

**Law**

Centurytel and RR&Y first contend that this court lacks jurisdiction over the FDCPA claims. The court agrees.

Bankruptcy courts are courts of limited jurisdiction. That

---

[2] Centurytel is Shortsleeve's creditor, and RR&Y is a law firm retained by Centurytel as a third-party debt collector for the purpose of collecting the Shortsleeve debt.

2

jurisdiction emanates from 28 U.S.C. § 1334(b) which confers title 11 jurisdiction on the district courts by providing:

> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b). 28 U.S.C. § 157 authorizes the district court to refer to the bankruptcy court all title 11 cases and all proceedings arising under title 11 or arising in or related to a title 11 case. That statute provides:

> (a) Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.

28 U.S.C. § 157(a). In this district, the District Court has entered a general order referring title 11 matters to this court.

Hence, the bankruptcy court's subject matter jurisdiction is limited to title 11 cases and to proceedings arising under, arising in, or related to a title 11 case. *In re Toledo*, 170 F.3d 1340, 1344 (11th Cir. 1999)(holding that a bankruptcy court's jurisdiction is derivative and dependent upon these three bases) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 307, 115 S. Ct. 1493, 131 L. Ed. 2d 403 (1995)), *Transouth Financial Corp. v. Murry*, 311 B.R. 99 (M.D. Ala. 2004) (discussing the three prongs of bankruptcy court jurisdiction).

"'Arising under' proceedings are matters invoking a substantive right created by the Bankruptcy Code." *In re Toledo*, 170 F.3d at 1345. The FDCPA claims are clearly not ones that invoke substantive rights

3

Case 06-01080    Doc 20    Filed 09/07/06    Entered 09/07/06 12:12:36    Desc Main
Document      Page 3 of 7

created by the Bankruptcy Code. Rather, these claims arise under other provisions of federal law and exist outside of the bankruptcy context. Hence, this court cannot claim subject matter jurisdiction of the FDCPA counts in this adversary proceeding by way of the "arising under" jurisdictional prong.

Neither can this court claim jurisdiction of the FDCPA counts under the "arising in" jurisdictional prong. Proceedings "arising in" a case under title 11 are "generally thought to involve administrative-type matters," or as the Fifth Circuit stated, "'matters that could arise only in bankruptcy.'" *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999)(quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)). The FDCPA claims are obviously not administrative matters that could arise only in the bankruptcy context. Rather, such claims exist independent of title 11.

In *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784 (11th Cir. 1990), the Eleventh Circuit adopted the test for "related to" jurisdiction. The court held that the "test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Id.* at 788.

In this case, Shortsleeve's FDCPA claims did not arise prior to her bankruptcy petition for relief and are not property of the bankruptcy estate. *See* 11 U.S.C. § 541. It follows that prosecution of the FDCPA claims, successful or otherwise, could have no effect upon the administration of the bankruptcy estate. Therefore, this court does not have jurisdiction of the FDCPA counts under the "related to" jurisdictional prong.[3]

---

[3] The defendants further argue that the FDCPA claims cannot be maintained because there is no private right of action created by 11 U.S.C. § 524. *See Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002). Having found that the court lacks subject matter jurisdiction over the FDCPA

4

Shortsleeve, however, contends that joinder rules permit her to maintain the FDCPA counts along with the discharge injunction violation counts. The court disagrees.

Fed. R. Bankr. Proc. 7018 makes Fed. R. Civ. Proc. 18 applicable in adversary proceedings. The Rule provides:

> **(a) Joinder of Claims.** A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Fed. R. Civ. Proc. 18(a).

Although permissive joinder is allowed under Fed. R. Civ. Proc. 18, it cannot be said that the Rule automatically broadens the jurisdiction of a court of limited jurisdiction to embrace claims outside that jurisdiction. It does not. Permissive joinder rules cannot confer jurisdiction upon the court where none otherwise exists because "[r]ules of procedure may not modify substantive law." *BFP Investments, Inc. v. BFP Investments Ltd.*, 150 Fed. Appx. 978, 979 (11th Cir. 2005). Under Fed. R. Civ. Proc. 18, claims may be joined in an adversary proceeding provided that the claims fall within the statutorily-prescribed subject matter jurisdiction of the bankruptcy court. As previously noted, Shortsleeve's FDCPA claims are outside of this court's subject matter jurisdiction because the claims are not related to and do not arise under or in the bankruptcy case.

Centurytel and RR&Y also contend that the counts of the complaint alleging violation of the discharge injunction should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6). They acknowledge that a discharge in bankruptcy operates as an injunction against actions

---

claims, the court need not address the issue.

5

to collect discharged debts. *See* 11 U.S.C. § 524(a). Yet, they contend that § 524(a) merely creates the injunction but does not provide a private right of action for its enforcement.

The Court of Appeals for this circuit has recognized that § 524 does not specifically authorize monetary relief, but notes that "the modern trend is for courts to award actual damages for violation of § 524 based on the inherent contempt power of the court." *Hardy v. United States*, 97 F.3d 1384, 1389 (11th Cir.1996) (citations omitted). In addition to the court's inherent contempt powers, the Court of Appeals found that bankruptcy courts have statutory contempt powers under 11 U.S.C. § 105. *Id.* at 1389-90. That section of the Code provides that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

Although Shortsleeve denominates these claims as having been brought under § 524 (where no monetary relief is available), both counts clearly allege willful actions by the defendants to coerce payment of a discharged debt. The court, therefore, will construe the § 524 counts as seeking to enforce the injunction through this court's inherent or statutory contempt powers.

## Conclusion

For these reasons, the defendants' motion to dismiss the FDCPA counts of the complaint will be granted, but their motion to dismiss the counts seeking to enforce the discharge injunction and seek damages for its violation will be denied. Pursuant to Fed. R. Bankr. Proc. 9021 a separate order consistent with this memorandum opinion will enter.

6

Done this 6th day of September, 2006.

                                        /s/ Dwight H. Williams, Jr.
                                        United States Bankruptcy Judge

c: David G. Poston, Attorney for Plaintiff
   Rex D. Rainach, Attorney for Defendant
   James D. Farmer, Attorney for Defendant

7